# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DERECK RAY TURNER, et al.,** ) | |
| Plaintiffs, ) | Case No. 7:23cv00322 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHIEF KIMBERLY HAUG, et al.,** ) | By:  Pamela Meade Sargent |
| Defendants. ) | United States Magistrate Judge |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the *pro se* prisoner plaintiffs initially filed a complaint against several defendants arising out of injuries that each plaintiff alleges he sustained when attacked by another inmate. Both attacks occurred on the same date, approximately 25 minutes apart, and the same inmate assaulted both plaintiffs.  Because each has sustained separate injuries, however, and each has an independent cause of action against the defendants, joinder of the causes of action in a single suit is inconsistent with the requirements of the Prison Litigation Reform Act, ("PLRA"), and the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 20.  For the reasons explained below, pursuant to Federal Rules of Civil Procedure Rule 21, the court will sever the Complaint into two separate civil actions, have the Clerk docket them separately and require each plaintiff to pay the appropriate filing fee for his own suit through installment payments, as each plaintiff already consented to in this case.  The court has authority to do this under Rule 21 and under the court's inherent power to control its docket. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The cases are improperly joined because they do not arise "out of the same transaction, occurrence, or series of transactions or occurrences."  FED. R. CIV. P.

20(a)(1)(A).  "This requirement is not met simply by bringing the same legal claims against the same defendants." *Mveng-Whitted v. Virginia State Univ*, No. 3:11-cv-00842-JAG, 2012 WL 3686285 , at *1 (E.D. Va. Aug. 24, 2012).  In *Mveng*, both plaintiffs filed suit against the university for racial discrimination and retaliation. Both had been professors in the art department at the time of the defendants' complained actions, but the court correctly noted that the cause of action for each plaintiff was a separate and distinct cause of action and severed the cases. Whether parties are properly joined under Rule 20 requires a case-by-case inquiry. *See Gregory v. FedEx Ground Package Sys., Inc.,* No. 2:10cv630, 2012 WL 2396873, at *9 (E.D. Va. May 9, 2012) (severing complaint into ten separate suits, one for each plaintiff, in suit alleging that they were misclassified as independent contractors instead of employees).

     In the context of litigation initiated by a prisoner in federal court, the joinder rules also must be viewed along with the restrictions imposed by 28 U.S.C. § 1915, as amended by the PLRA in 1996.  *See Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457 (D. Ks. Feb. 26, 2009).  Congress enacted the PLRA in large part to help defray the significant cost of litigation—and to deter frivolous litigation—by instituting economic costs for prisoners wishing to file civil claims.  *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) (internal citation omitted).  Under the PLRA, all prisoners must pay filing fees for civil cases; however, those who are granted in forma pauperis status are allowed to proceed with installment payments instead of spaying up front.  *See* 28 U.S.C. § 1915(b)(1)-(4).  Those who have three suits dismissed as frivolous, malicious, or failing to state a claim lose the right to proceed in forma pauperis unless they are under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).  Allowing two cases to proceed as one not only violates the joinder rules but undermines the economic goals of the PLRA.

This Opinion and Order does not address the merits of Turner's claims or Anders's claims against the defendants, and it does not deprive either litigant of his right to litigate those claims. They simply cannot combine their claims in a single lawsuit, while being accountable for only one filing fee. If either party does not wish to proceed with his lawsuit individually, once severed, that individual may file a motion to voluntarily dismiss his case.

In accordance with this Opinion, it is **ORDERED** as follows:

1. Turner's claims against the defendants and Anders's claims against the defendants are hereby **SEVERED** into two separate civil actions for all future proceedings;

2. The present case, No. 7:23cv322, **SHALL** include only Dereck Ray Turner as the plaintiff against the defendants;

3. The Clerk is **DIRECTED** to docket in a new and separate civil action, in which Jason Anders is the plaintiff, against the same defendants, a copy of the Complaint, a copy of this Opinion and Order (as an attachment to the Complaint), the Statement of Assets signed by Anders, (Docket Item No. 2), the Prisoner Trust Account Report by Jason Anders, (Docket Item No. 12).

4. If Turner does not wish to pursue the current civil action on his own, he may **SUBMIT**, within 14 days from the date of entry of this Order, a motion for voluntary dismissal of this civil action, No. 7:23cv322, without prejudice. If he does not withdraw this action within the allotted time, the court will direct the Clerk to order collection of the $350 filing fee for this case to begin, as authorized in Turner's Consent To Fee, (Docket. Item No. 16);

5. In the new civil action by Anders, the court will issue an order requiring Anders to execute and return within 30 days a Consent To Fee form with

the new civil action number, agreeing to pay the $350 filing fee for that action, if he intends to pursue the case. FAILURE TO RETURN THE SIGNED CONSENT FORM TO THE COURT WITHIN THIRTY (30) DAYS SHALL RESULT IN DISMISSAL OF ANDERS'S ACTION WITHOUT PREJUDICE.

The Clerk will mail Turner and Anders a copy of this Opinion and Order.

**ENTERED:**     July 17, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE