CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERECK RAY TURNER, | |
| Plaintiff, | Case No. 7:23-cv-00322 |
| v. | **MEMORANDUM OPINION** |
| SUPERINTENDENT KIMBERLY HAUG, *et al.*, | By:   Hon. Robert S. Ballou |
| | United States District Judge |
| Defendants. | |

Plaintiff Dereck Ray Turner, proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 against Superintendent Kimberly Haug, Major Daniel O'Dell, Captain John McNeely, Travis Hamilton, Sgt. Toni Truehart, and C.O. Lowe #198 arising from events occurring while he was detained at the New River Valley Regional Jail ("NRVRJ"). (*See generally* Compl. [ECF No. 1].) Defendants have jointly moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. (*See* Defs.' Mot. to Dismiss [ECF No. 37].) For the reasons set forth below, the Court will grant Defendants motion and dismiss Plaintiff's claims.

I.   BACKGROUND

Plaintiff alleges that, on April 11, 2023 around 8:25 p.m., while Plaintiff was detained at NRVRJ, he was physically assaulted by another inmate in the presence of Defendant C.O. Lowe. (Compl. 2.) Plaintiff alleges that the inmate, who Plaintiff refers to

as "Flowers," attacked him from behind while Plaintiff was carrying a property box to the door in the F102 day room. (*Id.*) Plaintiff further alleges that, NRVRJ continuously operates with a shortage of staff, including on the day he was assaulted. (*Id.*) He alleges that he has been told that the understaffing issue has been "ongoing for a significant amount of time." (*Id.*)

In his complaint, Plaintiff admits that he did not file any grievances regarding the facts in his complaint before filing this lawsuit. (*Id.*) He represents that he did not do so because it is "impossible to file a grievance at the NRVRJ" and because the "violation of rights [had] already t[aken] place." (*Id.*)

Defendants move for dismissal of Plaintiff's claims or for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing this action and that his claims against Defendants are not cognizable. (Defs.' Mot. to Dismiss 1.) However, Defendants offer no materials from outside of the pleadings that would support a motion for summary judgment. Accordingly, the court resolves Defendants' motion under Rule 12(b)(6).

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

Plaintiff filed this action under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by

the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust available administrative remedies before filing a § 1983 action concerning prison conditions. *Reynolds v. Doe*, 431 F. App'x 221, 222 (4th Cir. 2011) (citing 42 U.S.C. § 1997e(a) (2006); *Woodford v. Ngo,* 548 U.S. 81, 84 (2006); *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008)). "The PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* (citations and internal quotation marks omitted). "Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile." *Id.* (citing *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001)).

Here, Plaintiff admits in his complaint that he did not even attempt to exhaust administrative remedies before filing this action. (*See* Compl. 2.) And Plaintiff's own doubts about the efficacy of filing a grievance do not defeat the mandatory nature of the PLRA's exhaustion requirement or render administrative remedies "unavailable." *See Reynolds*, 431 F. App'x at 222. Courts in this Circuit routinely dismiss prisoner cases where the failure to exhaust is apparent on the face of the plaintiff's complaint. *See, e.g.*, *Massey v. Goins*, No. 5:19-cv-00030-MR, 2020 WL 3546864, at *2 (W.D.N.C. June 30, 2020); *Lawson v. Berg*, No. CA 9:07-907-JFA-GCK, 2007 WL 2022201, at *4 (D.S.C. July 9, 2007). So too here, it is apparent on the face of Plaintiff's complaint that he failed

- 4 -

to exhaust, and Defendants have raised this issue as an affirmative defense in their motion to dismiss. Because Plaintiff has did not exhaust available administrative remedies before filing suit, § 1983 claims must be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 37) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. The Clerk is **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to Plaintiff.

Enter:  September 21, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge